Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to Embassy House Eat LLC
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

Hearing Date: January 12, 2023
Time: 9:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                         Chapter 13
DYAN PARKER,                                                         Case No. 22-11603 (CGM)

                                  Debtor.
------------------------------------------------------------x

### LANDLORD'S REPLY TO DEBTOR'S OPPOSITION TO OBJECTION TO DEBTOR'S CERTIFICATION PURSUANT TO 11 U.S.C. § 362(l) AND FED. R. BANKR. P. 4001-1.1 CONCERNING EVICTION JUDGMENT

TO THE HONORABLE CECELIA G. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

Embassy House Eat LLC (the "Landlord"), by and through its undersigned counsel, as and for its reply to the opposition interposed by debtor Dyan Parker (the "Debtor") with respect to the Landlord's objection (the "Objection") to the Debtor's *Initial Statement About an Eviction Judgment Against You* (the "Certification"), made pursuant to § 362(l) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001-1.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), concerning certain residential real property occupied by the Debtor located at 301 East 47th Street, Apt. 21-O, New York, New York 10017 (the "Premises"), respectfully represents and alleges as follows:

    1.    The Debtor's contentions in opposition to the Objection are entirely without merit in either fact or law. Thus, the Objection must be sustained.

2. At the outset, in an obvious attempt obfuscate and distract this Court's attention from the key issue with respect to the Objection (*i.e.*, the existence of a valid non-bankruptcy court order determining, among other things, that the Debtor has no lease with respect to (nor any other legal right to occupy) the Premises), the Debtor has included in her opposition to the Objection a "cross-motion", returnable on February 2, 2023, requesting that "the Court make a finding that the amount of rent which is owed to the Landlord by fix[ed] at zero ($0)". (*See* Motion, p. 8) Said "cross-motion", which is tantamount to an objection under § 502 of the Bankruptcy Code to the proof of claim filed by the Landlord in this case on December 8, 2022 (*see* Claim No. 2) in the amount of $340,779.77 (plus attorney's fees and costs) (and which constitutes prima facie evidence of the validity and amount of said claim (*see* Fed. R. Bankr. P. 3001(f)), representing the amounts owed by the Debtor on account of her use and occupancy of the Premises as of the date of her chapter 13 filing, is based on the same issues with respect to the condition of the Premises which have been the subject of litigation between the parties for more than fifteen (15) years.[1] Again, the Debtor's assertions in this regard have no bearing upon the Court's necessary determination as to whether, "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered" as required under § 362(l)(2) of the Bankruptcy Code. The amount of the Landlord's

---

[1] Again, a detailed narrative of the history of the lengthy litigation and related events is set forth in the Affirmation in Opposition of the Landlord's non-bankruptcy counsel, dated October 27, 2022, a copy of which (without the exhibits thereto) is attached to the Objection as *Exhibit "B"*, which was submitted with respect to the Debtor's motion (which, as discussed herein, was ultimately denied) to the Appellate Term of the New York State Supreme Court for a stay of the enforcement of the Judgment of Possession and Warrant of Eviction entered in favor of the Landlord with respect to the Premises.

claim which the Debtor would be required to pay in order to "cure[], under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor" under § 362(l)(2) of the Bankruptcy Code is only relevant if the Debtor actually has the right to cure under applicable non-bankruptcy law (which she does not). Accordingly, the Landlord will not address the Debtor's contentions with respect to the amount of its claim at this time. The Landlord reserves all rights and objections to the Debtor's "cross-motion" with respect to the Landlord's claim under § 502 of the Bankruptcy Code, including objections based on timeliness. *See* Fed. R. Bankr. P. 3007(a) (requiring that an objection to the allowance of a claim and notice thereof be filed and served at least thirty (30) days before any scheduled hearing thereon).

3. Turning to the Debtor's opposition to the Objection, the sole argument raised by the Debtor is her conclusory and self-serving assertion that she was somehow "forced" to enter into the Stipulation of Settlement with the Landlord on June 24, 2019 (*see* Objection, Ex. C), which argument the Debtor has already raised, without success, to both the Landlord-Tenant Court and the Appellate Term in support of stay of enforcement of the judgment of possession entered in favor of the Landlord and the warrant of eviction entered pursuant thereto with respect to the Premises.[2] Importantly, the Debtor does not dispute that, by Decisions and Orders dated August 22, 2022 and August 24, 2022 (*see* Objection, Ex. D), the Landlord was awarded

---

[2] As more fully discussed in the Affirmation in Opposition of the Landlord's non-bankruptcy counsel, dated October 27, 2022 (see Objection, Ex. B), the Debtor had made identical allegations of coercion and duress in a successful effort to renege on a prior settlement with the Landlord in 2015 and has repeatedly employed improper tactics similar to those which she is now resorting in order to stave off eviction after not having paid rent for eighteen (18) years. Notably, although the Stipulation of Settlement now at issue was entered into in June 2019, it was not until recently and after the Debtor had exhausted multiple other means of delaying her eviction that the Debtor again raised the specter of coercion and duress with respect thereto.

3

possession of the Premises based upon the Debtor's default under the Stipulation of Settlement in having failed to vacate the Premises by not later than April 30, 2020 as she agreed.[3] As such, the Debtor's argument that this Court should deem the Stipulation of Settlement to be unenforceable based upon purported coercion or duress is precluded by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine stands for the proposition that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482. Accordingly, the Debtor's contentions in this regard can only be determined in non-bankruptcy court by way of an appeal from the Decisions and Orders at issue. However, and as more fully discussed in the Objection, the Debtor filed a notice of appeal from the August 22, 2022 Decision and Order and the August 24, 2022 Decision and Order on October 6, 2022 which was *after* the time period permitted to take an appeal under CPLR § 5513(a) had lapsed. As such, even if this Court were to modify the automatic stay to permit same, the Debtor could not pursue an appeal with respect to the August 22, 2022 Decision and/or Order and the August 24, 2022 Decision and Order in non-bankruptcy court.

---

[3] Again, it is notable that, by way of its August 22, 2022 Decision and Order, the Landlord-Tenant Court stated as follows:

> Respondent agreed to vacate the subject premises over two years ago. She has been given the benefit of every extension of time to vacate due to the Covid-19 pandemic and the laws created to prevent eviction during the Covid Period (defined as March 7, 2020 through January 15, 2022). All stays having now been lifted and time for vacatur long passed, Petitioner is permitted to execute on the warrant.

(*See* Objection, Ex. D).

4.      In any case, it is clear that the Debtor's self-serving assertions of coercion and duress with respect to the Stipulation of Settlement are entirely without merit. In this regard, it should not be disputed that there is a strong interest in the settlement of disputes and the finality thereof. As the Appellate Division, Second Department, stated in *Daniel v. Daniel*, 224 A.D.2d 573 (2d Dep't 1996):

> "Stipulations of settlement are favored by the courts and not lightly cast aside (*see Matter of Galasso*, 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations ... where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York*, 64 N.Y.2d 224, 230; *Sontag v Sontag*, 114 A.D.2d 892, 893). Thus, absent fraud, overreaching, mistake, or duress, a stipulation will not be disturbed by the court (*see, Hallock v State of New York, supra*, at 230; *Zwirn v Zwirn*, 153 A.D.2d 854; *Bossom v Bossom*, 141 AD2d 794, 795).

Id. at 573.

5.      The Debtor does not dispute that she and the Landlord entered into the Stipulation of Settlement pursuant to which, among other things, the Landlord-Tenant Action was converted from a non-payment proceeding to a holdover proceeding and the Debtor agreed to vacate and surrender of possession of the Premises by no later than April 30, 2020. As discussed in the Objection, the conversion of the Landlord-Tenant Action from a non-payment proceeding to a holdover proceeding had the effect of terminating any claim that the Debtor had a valid lease with respect to the Premises. Thereafter, the Debtor had nothing more than a *license* to continue to occupy the Premises solely under the terms of the Stipulation of Settlement. Again, this is a legal issue which has already been determined by a valid and enforceable non-bankruptcy court order.

5

6. The Debtor also does not dispute that, at the time that the Stipulation of Settlement was negotiated and entered into, she was represented by one of the premier tenant attorneys/firms in New York City, *i.e.*, Samuel J. Himmelstein, Esq. of Himmelstein McConnell Gribben & Joseph LLP, and that she entered into the Stipulation of Settlement upon the advice of said counsel. The Debtor also does not dispute that, at an in-person court hearing conducted on June 24, 2019, a copy of the transcript of which is attached hereto as *Exhibit "A"*, the terms of the Stipulation of Settlement were allocuted and "so-ordered" by the New York State Supreme Court. At said hearing the Debtor stated, under oath, and in relevant part, as follows:

> THE COURT: So, Ms. Parker, you understand that there has been an agreement that has been reached with regards to your landlord/tenant case?
>
> MS. PARKER: Yes, I do.
>
> THE COURT: And do you understand that you still have the right to have a trial if you don't wish to go ahead with the resolution?
>
> MS. PARKER: Yes, I do.
>
> THE COURT: Ma'am, are you suffering from any mental or physical condition that would affect your judgment in court today?
>
> MS. PARKER: No, I'm not.
>
> THE COURT: And is anybody forcing you to enter into this agreement?
>
> MS. PARKER: No.
>
> THE COURT: Did anyone force or coerce you into this agreement?
>
> MS. PARKER: No.
>
> THE COURT: Have you discussed this fully with your attorney?

MS. PARKER: Yes.

THE COURT: Are you consenting to this agreement freely and voluntarily, and it is because that's what you want to do?

MS. PARKER: This is too much. Yes.

7. The Debtor also does not dispute that, based on the same allegations of coercion and duress with respect to the Stipulation of Settlement which she is now raising, she had unsuccessfully sought: (a) to move by Order to Show Cause in the Landlord-Tenant Court to vacate the judgment of possession, however, the Landlord-Tenant Court refused to sign the proposed Order to Show Cause (*see* Objection, Ex. F), noting thereon as follows: "Decline to Sign. Respondent settled this matter in Supreme Court in June 2019. No basis to stop the eviction presented. Respondent agreed to vacate in April 2020 and has had benefit of over 2 additional years in possession."; and (b) to obtain a stay pending the outcome of her appeal from the judgment of possession from the Appellate Term which (after granting a temporary stay) was denied by the Appellate Term.

8. Notwithstanding the foregoing, the Debtor would now have this Court believe that she was "forced" to enter into the Stipulation of Settlement with the Landlord. *See, e.g., Daniel v. Daniel*, 224 A.D.2d at 573-74 ("In the present case, the record supports the court's finding that the defendant voluntarily and knowingly entered into the stipulation of settlement. There is no evidence in the record to support the defendant's contention that she was fraudulently induced or coerced into settling the case, or that the court compelled her to enter into the settlement. The record demonstrates that the court conducted a proper allocution of the defendant to determine whether she willingly accepted the terms of the stipulation. As a result, the defendant's motion

7

to vacate the stipulation was properly denied.") Said contention should be rejected outright by this Court for what it is: yet another improper tactic by the Debtor to stave off her inevitable eviction from the Premises before resorting to the next one.

9. Put simply, contrary to her statement under penalty of perjury in the Certification, the Debtor does not have any right to stay in the Premises under non-bankruptcy law. Accordingly, and for the reasons more fully set forth above and in the Objection, the Landlord respectfully requests that the Court sustain the Objection and enter an Order confirming that the Landlord may immediately pursue its rights and remedies to recover possession of the Premises.

Dated: New York, New York
       January 11, 2023

                                    **PICK & ZABICKI LLP**
                                    Counsel to Embassy House Eat LLC

By: _____
     Eric C. Zabicki
     369 Lexington Avenue, 12th Floor
     New York, New York 10017
     (212) 695-6000